**O**
**JS-6**

# United States District Court
# Central District of California

| | |
|---|---|
| FREED DESIGNS, INC., | Case № 2:14-cv-09068-ODW(AGRx) |
| Plaintiff, | |
| v. | **ORDER GRANTING** |
| SIG SAUER, INC., | **DEFENDANT'S MOTION TO** |
| Defendant. | **TRANSFER [23]** |

## I.   INTRODUCTION

Before the Court is Defendant Sig Sauer Inc.'s ("Sig Sauer") Motion to Transfer or, in the alternative, Dismiss the Complaint filed by Plaintiff Freed Designs, Inc. ("Freed Designs").  (ECF No. 23.)  Sig Sauer argues that this case should be transferred to United States District Court for the District of New Hampshire for consolidation with an earlier filed, parallel action there (*Sig Sauer et al. v. Freed Designs, Inc.*, No. 1:14-cv-00461-SM (D.N.H.) ("New Hampshire Action").  Freed Designs argues that proceeding in this Court will be more economical.  For the reasons discussed below, this case is **TRANSERRED** to the United District Court for the District of New Hampshire.[1]  (ECF No. 23.)

---

[1] After carefully considering the papers filed in support of and in opposition to the Motion, the Court deems the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; L.R. 7-15.

## II.    FACTUAL BACKGROUND

The patent in dispute is U.S. Patent No. 6,928,764 ("the '764 Patent), titled "Grip Extender For Hand Gun."   The products at issue are extended grips for Sig Sauer's semiautomatic pistols.   These extended grips are plastic-like collars that slip over elongated ammunition magazines to provide a continuous gripping surface for the person holding the pistol.  (Mot. 1.)  On December 31, 2013, Freed Designs filed its first action against Sig Sauer alleging that Sig Sauer makes, sells, and offers to sell magazine extenders that infringe the '764 Patent.  (Case No. 2:13-cv-09570-ODW-AGR ["First Action"], ECF No. 1.)  On October 24, 2014 Sig Sauer moved to dismiss for lack of subject matter jurisdiction due to Freed Designs' defective assignment of the '764 Patent. (*Id*., ECF No. 43.)  On December 2, 2014, the Court dismissed Freed Designs' Complaint for lack of standing.  (*Id*., ECF No. 54.)

On October 17, 2014, before the Court dismissed the previous case, Sig Sauer along with co-plaintiffs Thomas Pierce d/b/a Pierce Design ("Pierce"), Nordon, Inc. ("Nordon"), and Check-Mate Industries, Inc. and Check-Mate International Products (collectively "Check-Mate") filed a declaratory judgment action (the "New Hampshire Action") against Freed Designs to resolve all infringement claims against all the parties associated with the design, manufacture, use, and sale of Sig Sauer's extended grips.   The New Hampshire court stayed the case until this Court issued its decision on Sig Sauer's Motion to Dismiss. (Gaff Decl., Ex. 2.)

On November 24, 2014, Freed Designs initiated this instant action by re-filing its original complaint from the First Action.  (ECF No. 1.)  The new complaint does not include Pierce, Nordon, and Check-Mate. (*Id*.)  On December 12, 2014, Freed Designs moved to stay the New Hampshire Action.  (Gaff Decl., Ex. 4.)  On March 26, 2015, the New Hampshire court denied Freed Designs' Motion to Stay, noting that the New Hampshire Action was the first-filed action because the First Action was dismissed for lack of standing.  (Gaff Decl., Ex. 6.)  The New Hampshire court proceeded to set deadlines for discovery and a case scheduling conference. (*Id*.)

On April 9, 2015, Sig Sauer moved to transfer this case to the District of New Hampshire. (ECF Nos. 23.) A timely opposition and reply were filed. (ECF Nos. 26, 29.) That Motion is now before this Court for consideration.

### III.   DISCUSSION

**A.   First-to-File Rule**

"There is a generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." *Intersearch Worldwide, Ltd. v. Intersearch Grp., Inc.*, 544 F. Supp. 2d 949, 957 (N.D. Cal. 2008) (citing *Pacesetter Sys., Inc. v. Medtronic, Inc.,* 678 F.2d 93, 94–95 (9th Cir. 1982). "The purpose of the comity principle is of paramount importance. The doctrine is designed to avoid placing an unnecessary burden on the federal judiciary, and to avoid the embarrassment of conflicting judgments." *Church of Scientology v. U.S. Dept. of Army*, 611 F.2d 738, 750 (9th Cir. 1979). Thus, it "works most efficiently where previously-filed litigation is brought promptly to the attention of the district court, and the court defers." *Id*. In such a case, a court may stay, transfer, or dismiss an action. *Alltrade, Inc. v. Uniweld Prods., Inc*., 946 F.2d 622, 625 (9th Cir. 1991). Generally, the application of the rule turns on three factors: (1) the chronology of the actions; (2) the similarity of the parties; and (3) the similarity of the issues. *Id*. The Court addresses each factor in turn.

*1.   Chronology*

Regarding the first factor, the Court agrees with Sig Sauer that the New Hampshire Action is the first-filed case. (ECF No. 24, Mot. 8.) Freed Designs filed the instant action on November 24, 2014, whereas the New Hampshire Action was filed on October 17, 2014. The Court agrees with the New Hampshire court that the First Action cannot be considered the first-filed case because it was dismissed for lack of standing. (ECF No. 25, Gaff Decl., Ex. 6 (citing *ABB Automation, Inc. v. Honeywell Inc.*, No. C-2-01-325, 2002 WL 483523, at *3 (S.D. Ohio Mar. 20, 2002).)

1      *2.      Similarity of the Parties*

2      Next, as to the similarity of parties, in the case pending before this Court, Freed

3   Designs only asserts infringement against Sig Sauer, whereas the New Hampshire

4   Action also includes Pierce, Nordon, and Check-Mate.   Sig Sauer argues that the

5   instant action will not address all the related issues because Pierce, Nordon, and

6   Check-Mate are not included.  (Mot. 9–10.)  Specifically, Sig Sauer argues that Freed

7   Designs has threatened further litigation regarding Pierce, Nordon, and Check-Mate,

8   therefore the declaratory action in New Hampshire will resolve all infringement

9   claims against all parties associated with the design, manufacture, use and sale of Sig

10  Sauer's extended grips.  (*Id*. at 4.)   The Court agrees with Sig Sauer that the New

11  Hampshire Action is more efficient and judicially economical because it resolves both

12  the issues of this case and the related issues involving Pierce, Nordon, and Check-

13  Mate.   This factor also weighs in favor of the rule.

14     *3.      Similarity of the Issues*

15     Lastly, the Court must consider the similarity of the issues presented in the two

16  suits.   Both actions involve the following issues: (1) whether Sig Sauer's extended

17  grips infringe the '764 Patent; and (2) whether the '764 Patent is invalid.   The only

18  difference is that the New Hampshire Action also includes Pierce's, Nordon's, and

19  Check-Mate's declaratory judgment claims.   Although the issues in the two cases are

20  not identical because of the additional parties, the resolution of both cases will still

21  turn on substantially the same legal issues and depend on substantially the same

22  evidence.  Therefore, the last factor also favors application of the first-to-file rule.

23  **B.      Equitable Considerations**

24     Freed Designs' only argument is that the Court should make an exception in

25  applying the first-to-file rule.   There are circumstances where a court may decline to

26  apply the first-to-file rule even when the previously discussed criteria are met.  *See,*

27  *e.g., Alltrade*, 946 F.2d at 628.   These equitable considerations include evidence of an

28  anticipatory suit, forum shopping, or bad faith.  *See id*.  "A suit is anticipatory when

1   the plaintiff filed upon receipt of specific, concrete indications that a suit by defendant

2   was imminent." *Z-Line Designs, Inc. v. Bell'O Int'l LLC*, 218 F.R.D. 663, 665 (N.D.

3   Cal. 2003).  "Such anticipatory suits are disfavored because they are examples of

4   forum shopping." *Id*.  Furthermore, the Declaratory Judgment Act, 28 U.S.C. § 2201,

5   is not to be invoked to deprive a plaintiff of its choice of forum and timing.  *Id*.

6        The facts of this case do not present an exception to the first-to-file rule.  After

7   this Court dismissed the First Action, Sig Sauer had strong reason to know that Freed

8   Designs would likely re-file its complaint.  But, although the New Hampshire Action

9   was anticipatory, the Court does not find that it was filed in bad faith.  Freed Designs

10  had an opportunity to pursue its case in this Court, but failed to verify the assignment

11  of the '764 Patent to provide proper standing.  Therefore, Sig Sauer filing the New

12  Hampshire Action did not deprive Freed Designs of its choice of forum and timing.

13       Furthermore, "[a]n exception to the first-to-file rule also exists if the balance of

14  convenience weighs in favor of the later-filed action." *Sony Computer Entm't Am.*

15  *Inc. v. Am. Med. Response, Inc.*, No. C06 06603 CW, 2007 WL 781969, at *2–3 (N.D.

16  Cal. Mar. 13, 2007) (internal quotations omitted).  This is analogous to "the

17  convenience of the parties and witnesses" under a transfer of venue motion, 28 U.S.C.

18  § 1404(a).  *Med-Tec Iowa, Inc. v. Nomos Corp.*, 76 F. Supp. 2d 962, 970–971 (W.D.

19  Iowa 1999).  The court with the first-filed action should normally weigh the balance

20  of convenience. *Alltrade Inc.*, 946 F.2d at 628.

21       In this case, the balance of convenience weighs in favor of the New Hampshire

22  Action.  The New Hampshire Action will foster efficiency and judicial economy by

23  resolving all related issues involving Pierce, Nordon, and Check-Mate.  Additionally,

24  Sig Sauer is located in Newington, New Hampshire and Pierce, Nordon, and Check-

25  Mate are located in New York. (Mot. 10.)  Therefore, the majority of witnesses and

26  evidence are located closer to the New Hampshire court.  (*Id*.)

27       Lastly, the New Hampshire court has already rejected Freed Designs'

28  arguments regarding judicial economy.  This Court agrees that although the parties

1  had already briefed their claim construction positions in the first action, this Court was
2  not "poised" to rule on claim construction because no hearing had taken place. (*See*
3  Gaff Decl., Ex. 6 at 6–7.)  Further, very little substantive discovery took place in the
4  First Action before it was dismissed.  (*Id.*)  Therefore, the amount of work that was
5  already put into the case is not sufficient to warrant the case to remain with this Court.
6  Further, the New Hampshire court has already decided to proceed with the case, so
7  having parallel cases would be needlessly redundant and a waste of judicial resources.
8  Despite Freed Designs' skepticism of the New Hampshire court's ability to adjudicate
9  a patent case, this Court has every confidence that the New Hampshire court is more
10  than capable of ensuring that justice will be served.

### IV.    CONCLUSION

12        For the reasons discussed above, the Court **GRANTS** Defendant's Motion to
13  Transfer.  (ECF No. 23.)  This case shall be **TRANSFERRED** to the United States
14  District Court for the District of New Hampshire.  The Clerk of the Court will close
15  this case.

17        **IT IS SO ORDERED.**

19        June 10, 2015

                                    _____
                                          **OTIS D. WRIGHT, II**
                                    **UNITED STATES DISTRICT JUDGE**

6